**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JORGE RODRIGUEZ LOPEZ,

Petitioner,

v. No. 1:26-cv-01492-DHU-KK

WARDEN, Cibola County Correctional Center;
MARKWAYNE MULLIN, Secretary, Department
of Homeland Security; TODD LYONS, Acting
Director, U.S. Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Director, El Paso
Field Office, Enforcement and Removal Operations;
and U.S. ATTORNEY GENERAL,

Respondents.

# ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jorge Rodriguez Lopez's *pro se* Petition for Writ of Habeas Corpus ("Petition"). Doc. 1. For the reasons below, the Petition is **GRANTED.**

## I. BACKGROUND

1. Petitioner is a native and citizen of Cuba who was ordered removed on July 18, 2023. Doc. 1 at 2; Doc. 6 at 4-7. Petitioner did not appeal this decision, so it became final on that date. Doc. 1 at 2; Doc. 6 at 1.
2. Back in 2023, Petitioner was detained beyond the 90-day removal period. Doc. 1 at 2.
3. Immigration and Customs Enforcement ("ICE") ultimately released him on an Order of Supervision. *Id.*
4. On December 30, 2025, ICE re-detained Petitioner at a scheduled check-in. *Id.*
5. He was eventually transferred to the Cibola County Correctional Center in Milan, New Mexico, where he remains detained. *Id.*

On May 11, 2026, Petitioner filed the instant Petition. In the Petition, Petitioner argues that he is detained in violation of 8 U.S.C. § 1231 and the Due Process Clause of the Fifth Amendment. *Id.* at 3.[1] Petitioner specifically alleges that both Cuba and Mexico have refused to accept him, and that no other circumstances are present indicating that his removal is reasonably foreseeable. *Id.*; Doc. 8 at 2. He requests a Writ of Habeas Corpus ordering his immediate release under appropriate conditions of supervision. Doc. 8 at 3.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being detained in violation of Section 1231 and the Due Process Clause.

Generally, when a noncitizen becomes subject to a final order of removal, the Department of Homeland Security ("DHS") "must physically remove him from the United States" within 90 days. *Johnson v. Guzman Chavez*, 594 U.S. 523, 528, 141 S.Ct. 2271 (citing § 1231(a)(1)(A)). This is commonly referred to as the "removal period." *Id.* During the removal period, DHS "shall detain the [noncitizen]" as it conducts the removal. § 1231(a)(1)-(2). If DHS does not remove the noncitizen during the removal period, the noncitizen must be released "pending removal . . . subject to supervision under regulations prescribed by the Attorney General." § 1231(a)(3).

---

[1] Petitioner also states that Respondents have not conducted any custody reviews since his re-detention in violation of 8 C.F.R. § 241.13. *Id.* at 2. However, because the Court grants Petitioner's Habeas Petition on his 1231 and Due Process claim, the Court "decline[s] to address th[ese] remaining claims of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

Under Section 1231, a noncitizen's 90-day removal period "may be extended in at least three circumstances." *See Johnson*, 594 U.S. at 528-29 (citing §§ 1231(a)(1)(C), (c)(2)(A), (a)(6)). This extended period is commonly referred to as the "post-removal-period." *Johnson*, 594 U.S. at 529. Section 1231, however, "does not permit indefinite detention." *Zadvydas v. Davis*, 533 U.S. 678, 689, 701, 121 S.Ct. 2491 (2001). The post-removal period is, instead, limited to "a period reasonably necessary to bring about [the noncitizen's] removal from the United States," which is presumptively 6 months, or one 180 days. *Id.* [2] "After that point, if the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must either rebut that showing or release [him]." *Johnson*, 594 U.S. at 529; *see also* 8 C.F.R. § 241.13. To satisfy his burden of providing good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the noncitizen need not "show the absence of *any* prospect of removal—no matter how unlikely or unforeseeable." *Zadvydas*, 533 U.S. at 702. "And for detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.* at 701.

If the noncitizen's removal is not reasonably foreseeable, the Court "should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699-700. "In that case, . . . the [noncitizen's] release may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the [noncitizen] may no doubt be returned to custody upon a violation of these conditions." *Id.* at 700.

---

[2] "Although not expressly stated, the Supreme Court appears to view the 6-month period to include the 90-day removal period plus 90 days thereafter." *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2006).

## III. DISCUSSION

Petitioner argues that his re-detention violates Section 1231 and the Due Process Clause. Doc. 1 at 3. Petitioner specifically alleges that both Cuba and Mexico have refused to accept him, and that no other circumstances are present indicating that his removal is reasonably foreseeable. *Id.*at 2; Doc. 8 at 2. Respondents argue that Petitioner has not yet been detained for more than 6 months, so his continued detention is presumptively reasonable. Doc. 6 at 2.

The Court first finds that the post-removal period, which is presumptively reasonable until 6 months, has expired. In the simplest of terms, Petitioner was re-detained on December 30, 2025, so he has been continuously detained over 7 months. Respondents' response, filed on May 20, 2026, based its argument on the fact that, at that time, Petitioner had been detained for only 5 months and 20 days. However, this argument ignores the fact that Petitioner had already been detained beyond the 90-day removal period before his release in 2023.

This Court has already held that the removal clock does not start over for Due Process purposes when a person is released and re-detained. *Jimenez Chacon v. Lyons*, 811 F.Supp.3d 1299, 1309-10 (D.N.M. 2025) (citations omitted). Accordingly, the Court must also consider the time Petitioner spent in post-removal detention in 2023. The Petition does not specify the exact amount of time Petitioner spent in detention between his removal order becoming final and his release on an Order of Supervision. The Petition does state, however, that Petitioner was detained "beyond the 90-day removal period." Doc. 1 at 2. Even assuming that Petitioner was detained for just 91 days in 2023, this would mean that, as of Respondents' response on May 20, 2026, Petitioner had been detained for a total of nearly 8 months after his removal order became final. This means that, as of today, Petitioner has spent over 10 months in post-removal detention.

The Court next finds that Petitioner has provided good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. "Courts in this district have repeatedly held that prolonged detention, combined with failed or nonexistent removal efforts, satisfies the petitioner's initial burden." *Naghiyev v. Bondi*, No. 2:25-cv-01313-MIS-DLM, 2026 WL 700064, at *5 (D.N.M. Mar. 12, 2026) (collecting cases)). Petitioner has alleged, and Respondents have not disputed, that both Cuba and Mexico have refused to accept Petitioner for removal and that no other circumstances exist suggesting his removal is reasonably foreseeable. Doc. 1 at 2; Doc. 8 at 2. Respondents' thus-far unsuccessful attempt to secure travel or repatriation documents satisfies Petitioner's burden of providing "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Lastly, the Court finds that Respondents have wholly failed to meet their burden of demonstrating a "significant likelihood of removal in the reasonably foreseeable future." *Id.* To satisfy this burden, Respondents must present evidence in support of their position. *See id.* ("After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond *with evidence* sufficient to rebut that showing." (emphasis added)). The Government has presented none, instead relying on the incorrect assumption that Petitioner had not yet been detained beyond the presumptively reasonable six months.

Because Petitioner has shown that there is good reason to believe that his removal is not significantly likely in the reasonably foreseeable future, and because Respondents have not rebutted that showing, the Court finds that Petitioner's continued, indefinite detention violates Section 1231 and the Due Process Clause. Petitioner is, therefore, entitled to immediate release subject to appropriate conditions of supervision under Section 1231(a)(3). *See Jimenez*

*Chacon*, 811 F.Supp.3d at 1313; *Salazar-Martinez v. Lyons*, No. 2:25-cv-0961-KG-KBM, 2025 WL 3204807, at *2-3 (D.N.M. Nov. 17, 2025).

## IV.
## CONCLUSION

For the reasons stated above, Petitioner's *pro se* Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents release Petitioner from custody within **twenty-four (24) hours** of this Order and restore his Order of Supervision under the same terms as were in place before he was re-detained on December 30, 2025.

**IT IS FURTHER ORDERED** that Respondents file a Notice of Compliance no later than Wednesday, August 12, 2026, confirming Petitioner's timely release.

Finally, because the Court is adjudicating Petitioner's Petition for Writ of Habeas Corpus and granting him relief in this Order, Petitioner's Motion for Release (Doc. 8) is **DENIED AS MOOT**. The Court will issue a separate final judgment but retain jurisdiction over the matter.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE